IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THE ALABAMA HOME BUILDERS INSURERS FUND, and CONSTRUCTION CLAIMS MANAGEMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PROJECT BUILDERS, INC., *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )   CIVIL ACT. NO.  3:12cv153-CSC <br> (WO) |

**MEMORANDUM OPINION AND ORDER**

**I.  PROCEDURAL HISTORY**

On January 19, 2012, plaintiffs, The Alabama Home Builders Insurers Fund and Construction Claims Management, Inc., filed this action in the Circuit Court of Chambers County, Alabama, pursuant to ALA. CODE § 25-5-11(d), against defendants Project Builders, Inc. ("Project Builders") and Robert E. Phillips Company, Inc., dba REPCO, Inc. ("REPCO").  Relying on ALA. CODE § 25-5-11(d), the plaintiffs assert that they have subrogation rights to Aubrey Fulghum,[1] and they invoke the worker compensation laws of the State of Alabama to bring tort actions against the defendants.

On February 21, 2012, the defendants removed the case to this court on the basis of

---

[1] Although the plaintiffs named as a defendant Aubrey Fulghum, this individual was not served in the state court action, nor has he been served in this court.  Therefore, Fulghum is not a party to this case, and this action proceeds against defendants Project Builders, Inc. and Robert E. Phillips Company, Inc.

diversity of citizenship jurisdiction.[2] *See* 28 U.S.C. § 1441 and 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. ALA. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

The plaintiffs filed a motion to remand (doc. # 19) asserting that "[t]his case is nonremovable pursuant to 28 U.S.C. § 1445(c), as it "arises under the workmen's compensation laws" of Alabama. (*Id.*) The plaintiffs also contend that the notice of removal was untimely, and there is not complete diversity of the parties.[3] The defendants object to the plaintiffs' motion to remand arguing that removal was timely, Fulghum was fraudulently joined to defeat diversity jurisdiction, and that 28 U.S.C. § 1445(c) is inapplicable because the plaintiffs' claims do not arise under Alabama's workers' compensation claims.[4] (Doc. # 26).

Regardless of the timeliness of the removal or the diversity of the parties, the court concludes that it does not have jurisdiction over this matter, and thus, the plaintiffs' motion to remand is due to be granted.

---

[2] This court has jurisdiction over actions involving citizens of different states provided that all plaintiffs are diverse from all defendants, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

[3] Also pending before the court is the defendant REPCO's motion to dismiss, or in the alternative, motion for a change of venue (doc. # 5), and defendant Project Builders, Inc.'s motion to dismiss (doc. # 14). Because the court concludes that it does not have jurisdiction over this matter, it does not have jurisdiction to rule on the motions to dismiss, or the motion for change of venue.

[4] Defendant Project Builders, Inc. filed a motion to join defendant REPCO's opposition to the motion to remand. *See* Doc. # 29. That motion will be granted.

## II. STANDARD OF REVIEW

In examining the issue of jurisdiction upon which the defendants premise removal, the court is mindful of the fact that federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This court is "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. When the parties disagree on the court's jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand. *Burns*, 31 F.3d at 1095. Construction of removal statutes are based on federal law. *Grubbs v. Gen. Elec. Credit Corp.,* 405 U.S. 699, 705 (1972); *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991).

In addition, Congress has limited removal of certain cases, including prohibiting the removal of any "[c]ivil action . . . arising under the workmen's compensation laws" of the State.[5] 28 U.S.C. § 1445(c). Section 1445(c) is a jurisdictional bar to removal. *Reed v. Heil Co.*, 206 F.3d 1055, 1057 (11th Cir. 2000); *Alansair v. Tropic Star Seafood, Inc.*, 388 Fed.

---

[5] While nonremovable claims may now be joined to permit removal, *see* 28 U.S.C. § 1441(c), nonremovable claims must be severed and remanded. *See* 28 U.S.C. § 1441(c)(2). In this case, the court concludes that all the claims are nonremovable, and thus, the entire case is due to be remanded.

Appx. 902, 905 (11th Cir. 2010). *See also New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1097 (11th Cir. 1997) (28 U.S.C. § 1445(c) is a "jurisdictional-based limitation on the district court's removal power").

### III. FACTS

Plaintiff The Alabama Home Builders Self Insurers Fund ("the AHBSI Fund") is a non-profit self-insurers trust which provides workers' compensation coverage and services to participating members of the Alabama Home Builders Association. (Doc. # 3, Ex. 3 at 3, ¶ 5). Plaintiff Construction Claims Management, Inc., ("CMC") is a claims service that manages and disburses benefits on behalf of participating members of the AHBSI Fund. (*Id*. at ¶ 6).

On September 23, 2009, Aubrey Fulghum, an employee of The Roofing Company, was injured. (*Id*. at 4, ¶ 12). In the course of his employment, Fulghum was working on the roof of a CVS building in Columbus, Georgia, when he fell through a hole or opening in the roof. (*Id*. at 4, ¶ 15). The plaintiffs allege that the hole or opening in the roof was due to heating and air conditioning units being installed on the roof. (*Id*.). The plaintiffs further allege that defendant Project Builders, as the general contractor, and defendant REPCO, as the subcontractor, were responsible to "cover, protect, or otherwise safeguard the hole or opening on the roof of the CVS Pharmacy building through which . . . Fulghum fell." (*Id*. at 5, ¶ 19 & 20).

Fulghum sustained severe and permanent injuries as a result of the fall. (*Id*. at 4, ¶ 17

& 18). Fulghum made a claim for workers' compensation benefits through his employer, The Roofing Company. (*Id*. at 5, ¶ 21). The Roofing Company was a member of the Alabama Home Builders Association, and had its workers' compensation insurance coverage through the AHBSI Fund, which was administered by CMC. (*Id*. at 4, ¶ 13). The AHBSI Fund, through CMC, has paid over $101,000 in compensation and medical benefits under the Alabama Workers' Compensation Act to Fulghum. (*Id*. at 6, ¶ 24).

The Plaintiffs filed this lawsuit contending that the defendants "are statutorily subrogated to Plaintiffs for . . . tort causes of action (Counts One through Five.)"[6] (*Id*. at 6, ¶ 27).

## IV.  DISCUSSION

In enacting 28 U.S.C. § 1445(c), Congress restricted the ability of defendants to remove cases that arise under the workmen's compensation laws from state court to federal court. "This statute "reflects a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition."" *Jones*, 931 F.2d at 1091 (quoting *Kay v. Home Indemnity Co.*, 337 F.2d 898, 902 (5th Cir. 1964)).[7] Thus, the defendants' removal is proper

---

[6] The tort claims are negligence/wantonness, negligent failure to provide a safe premises, wanton failure to provide safe premises, negligent/wanton hiring, training, maintenance and/or supervision, and respondent superior. *See* Doc. # 3, Ex. 3, 6-12. The plaintiffs allege a claim for statutory subrogation pursuant to Ala Code § 25-5-11, and they seek a declaratory judgment against Fulghum. (*Id*. at 12-14).

[7] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

only if the court concludes that the plaintiffs' claims do not "arise under" Alabama's workers' compensation laws.

While the courts have not addressed this issue in the context of 28 U.S.C. § 1445(c), the "arises under" language has been construed in relation to the federal question jurisdictional statute, 28 U.S.C. § 1331. The law is well-established that "[a] case "arises under" federal law within the meaning of § 1331 if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 689-90 (2006). *See also Mims v. Arrow Financial Services, LLC.*, 132 S.Ct. 740, 748-49 (2012) ("when federal law creates private right of action and furnishes the substantive rules of decision, the claim arises under federal law."). These cases inform the court on how to apply and construe the term "arising under."

The defendants argue that because the plaintiffs' claims are tort claims, they do not "arise under" Alabama's workers' compensation laws. The court disagrees. "A suit arises under the law that creates the cause of action." *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). Alabama's Workers' Compensation Act creates the statutory scheme that permits the Plaintiffs to proceed against these defendants. ALA CODE § 25-5-11(a) authorizes an injured employee to seek worker's compensation benefits from the employer as well as to bring suit against third parties to recover damages for the injury. Fulghum settled his workers' compensation claims against his employer, The Roofing

Company, but did not pursue an action against Project Builders or REPCO. (Doc. # 3, Ex. 3 at 5, ¶ 23). Consequently, pursuant to ALA CODE § 25-5-11(d), the plaintiffs can bring this action.

> In the event the injured employee, . . . do[es] not file a civil action against the other party to recover damages within the time allowed by law, the employer or insurance carrier for the employer shall be allowed an additional period of six months within which to bring a civil action against the other party for damages on account of the injury or death. In the event the employer or the insurance carrier has paid compensation to the employee . . ., the civil action may be maintained either in the name of the injured employee, . . .or the insurance carrier. In the event the damages recovered in the civil action are in excess of the compensation payable by the employer under this chapter and costs, attorney's fees, and reasonable expenses incurred by the employer in making the collection, the excess of the amounts shall be held in trust for the injured employee . . .

ALA CODE § 25-5-11(d).

The rights of the plaintiffs to pursue this action are wholly dependent upon the statutory scheme created by Alabama's Workers' Compensation Act. "In short, were it not for the workers' compensation laws, [the cause of action] would not exist." *Jones*, 931 F.2d at 1092. Accordingly, in the context of this case, the court concludes that the plaintiffs' claims "arise under" Alabama's worker compensation laws because it is only by virtue of the statutory authority contained within the Alabama Workers' Compensation Act, ALA. CODE § 25-5-11(d), that the plaintiffs have a cause of action against the defendants. *See Jackson v. Burke*, 2010 WL 2179115 (M.D. Ala. 2010) (No. 8:10-CV-766-27EAJ).

Because 28 U.S.C. § 1445(c) is a jurisdictional bar to removal of cases arising under workers' compensation laws, and the court concludes that this case arises under the Alabama

Worker's Compensation Act, the court concludes that it lacks subject-matter jurisdiction over this action.

## V.  CONCLUSION

Accordingly it is

ORDERED that Defendant Project Builders, Inc.'s motion to join defendant REPCO's opposition to the motion to remand (doc. # 29) be and is hereby GRANTED.  It is further

ORDERED and ADJUDGED that the plaintiffs' motion to remand (doc. # 19) be and hereby is GRANTED and that this case be and is hereby REMANDED to the Circuit Court of Chambers County, Alabama.

The Clerk of the Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Chambers County, Alabama.

Done this 20th day of June, 2012.


       /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE